PER CURIAM.
The appellant, attorney Halberg, referred a client to the appellees, attorneys Chanfrau. By a written referral agreement, approved by the client, the receiving attorneys agreed to assist the referring attorney in the prosecution of the client’s cause and the receiving attorneys agreed to pay the referring attorney 25% of the fees received from the client. The referral agreement contained the following clause:
Provided, however, that said fees “may” be re-adjusted between CHAN-FRAU & CHANFRAU and REFERRING ATTORNEY based upon the extent of time and services rendered or to be rendered to said client; ... [Emphasis added to word “may”].
Thereafter, the receiving attorneys obtained a substantial sum for the client but declined to divide the resulting attorney’s fee with the referring attorney because of concern that to do so would violate ethic Rule 4-1.5, Rules Regulating The Florida Bar.
Rule 4-1.5(G) provides:
Subject to the provisions of paragraph (F)(4)(d), a division of fees between lawyers who are not in the same firm may be made only if the total fee is reasonable and:
(1) The division is in proportion to the services performed by each lawyer; or
(2) By written agreement with the client:
(a) Each lawyer assumes joint legal responsibilities for the representation and agrees to be available for consultation with the client; and
(b) The agreement fully discloses that a division of fees will be made.
The receiving attorneys’ concerns were that:
(1) a division of fees is not permitted under Rule 4-1.5(G)(1) because the referral agreement clearly provides for a given percentage division of fees (75% and 25%), and only provided that the percentage division “may be re-adjusted between the parties” based upon a proportion according to services actually rendered and does not require a division of fees based on services performed by each lawyer, and
(2) a division of fees is not permitted under Rule 4-1.5(G)(2) because the refer *602 ring attorney did not explicitly assume joint legal responsibility for the client’s representation and did not' explicitly agree to be available for consultation with the client.
Apparently construing the word “may” in the provision quoted above from the referral agreement to mean “shall”, the trial judge entered summary judgment against the referring attorney and in favor of the receiving attorneys on the basis that the referral agreement did provide for division of fees based on time and services rendered and that the referring attorney’s evidence wholly failed to establish that the referring attorney rendered any compensa-ble legal service to the client.
We do not construe the proviso quoted above from the referral agreement as providing for a division of fees between the referring and receiving attorneys based on services rendered by each. The referral agreement basically provides that fees be divided 75% to the receiving attorneys and 25% to the referring attorney subject only to the proviso quoted above and that proviso uses the term “may” which is permissive, and not “shall” which might be construed to be required or mandatory; therefore, this case does not fall under Rule 4-1.5(G)(1). While it would be preferable for a written referral agreement to expressly track the language in Rule 4-1.5(G)(2)(a), and provide that the referring attorney and the receiving attorney each “assumes joint legal responsibilities for the representation and agrees to be available for consultation with the client”, the referral agreement in this case (1) constitutes a written agreement with the client who also signed that referral agreement, (2) fully discloses that a division of fees will be made, and (3) is sufficient to prove that the referring attorney had, or assumed, a legal responsibility for the representation of the client[1] and, of course, (4) that legal responsibility to represent carries with it the attorney’s implicit agreement to consult with the client.[2]
Accordingly we find that Rule 4-1.5(G)(2) authorizes the receiving attorneys to divide the attorney’s fees with the referring attorney in accordance with the percentage provisions in the referral agreement in this case.
Therefore the final summary judgment is reversed and the cause is remanded for entry of a judgment in favor of the referring attorney in accordance with this opinion and the referral agreement in this case.
REVERSED and REMANDED.
COWART, PETERSON and GRIFFIN, JJ., concur.

. If the client had sued the referring lawyer for legal malpractice we believe the referral agreement would be sufficient to make a prima facie showing that the referring lawyer had undertaken to represent the client.

. Rule 4-1.4(a), Rules Regulating The Florida Bar, provides:
A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
The Statement of Client’s Rights set forth in Rule 4-1.5, Rules Regulating The Florida Bar provides:
If your lawyer intends to refer your case to another lawyer ... you, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.